UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAN AUERBACH and PATRICK CARNEY d/b/a MCMOORE MCLESST PUBLISHING,<br><br>        Plaintiffs,<br><br>vs.<br><br>DELLA FEMINA /ROTHSCHILD/JEARY PARTNERS, DELLA FEMINA & GIANETTINO, INC., VALLEY NATIONAL BANCORP, AND VALLEY NATIONAL BANK,<br><br>        Defendants. | Index No. 11 CIV 4902<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br> |

Dan Auerbach and Patrick Carney d/b/a McMoore McLesst Publishing ("Plaintiffs"), by and through their undersigned attorneys, for their Complaint in this action, allege as follows:

### GENERAL ALLEGATIONS

1. This copyright infringement action arises out of Defendants' willful, blatant, and flagrant infringement of Plaintiffs' copyright in the Grammy Award–winning musical composition, "Tighten Up." Defendants used and exploited Plaintiffs' musical composition without permission or authority in 2011 when Defendants knowingly created and ran a television commercial that incorporated significant portions of that composition. Defendants neither sought nor obtained a license for their use of Plaintiffs' composition in the commercial, thereby necessitating the commencement of this action.

### JURISDICTION AND VENUE

2. This case arises under the United States Copyright Act, 17 U.S.C. § 101 *et seq.*

3. This Court has exclusive jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338 in that this action involves claims arising under the Copyright Act. This Court also has jurisdiction under 28 U.S.C. § 1332(a) as there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. The Court has personal jurisdiction over each of the Defendants as, upon information and belief, both transact business within the State of New York and because the claim at issue in this action arises from their activities within the State of New York.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

### THE PARTIES

6. Dan Auerbach and Patrick Carney (collectively, "Plaintiffs") are entertainers and songwriters, professionally known as "The Black Keys." The Plaintiffs are residents of Nashville, Davidson County, Tennessee.

7. The Defendant, Della Femina / Rothschild / Jeary Partners is an advertising agency that is, upon information and belief, a partnership organized under the laws of the State of New York. Its principal place of business is 902 Broadway, 15th Floor, New York, New York 10010.

8. The Defendant, Della Femina & Gianettino, Inc. (collectively with Della Femina / Rothschild / Jeary Partners, "Della Femina") is an advertising agency that is, upon information and belief, a domestic profit corporation organized under the laws of the State of New Jersey. Its principal place of business is 98 Floral Avenue, Suite 201, Murray Hill, NJ 07974.

9. The Defendant Valley National Bancorp is a publicly traded bank holding company that is, upon information and belief, organized under the laws of the State of New Jersey.

10. The Defendant Valley National Bank (collectively with Valley National Bancorp, "Valley National") is a national banking association and wholly-owned subsidiary of Valley National Bancorp. The principal place of business for Valley National is 1455 Valley Rd., Wayne, New Jersey 07470-2089.

## FACTS

11. Dan Auerbach and Patrick Carney composed the Grammy Award– winning musical composition, "Tighten Up." The composition is original to the Plaintiffs and is copyrightable subject matter under the copyright laws of the United States of America. The musical composition was transferred to the Plaintiffs' wholly owned publishing company, McMoore McLesst Publishing. On June 1, 2010, "Tighten Up" ("Composition") was registered for copyright with the United States Copyright Office, registration number PA0001698031.

12. The Plaintiffs are the sole owners of all right, title, and interest in and to the copyright. The Composition has been published, performed, and otherwise exploited by the Plaintiffs and by others under the Plaintiffs' authority or license in conformity of the Copyright Act.

13. "Tighten Up" was the lead single on The Black Keys' 2010 album "Brothers." The album has sold in excess of 735,000 copies to date, reached number one on Billboard's charts for rock albums, alternative albums, and digital albums, and number three on Billboard's Top 200 Chart. The album garnered multiple Grammy Award nominations, winning two, including the Grammy Award for Best Alternative Music Album.

14. Further, The Black Keys' recording of "Tighten Up" has been a massive hit on its own. The official video of the song has registered over 9.5 million views on YouTube. "Tighten Up" reached number one on Billboard's charts for top rock songs and top alternative songs and

has sold more than 450,000 physical and digital copies to date. The Black Keys' recording of "Tighten Up" also earned a Grammy Award for Best Rock Performance by a Duo or Group with Vocals.

15. Della Femina acted as Valley National's agent with respect to the creation and distribution of an advertisement containing the Plaintiffs' musical composition, "Tighten Up."

16. Non-party Wixen Music Publishing, Inc. ("Wixen") is the exclusive worldwide administrator of the copyright in "Tighten Up." The rights in the Composition held by Wixen include the right to grant or refuse to grant licenses for the use of the Plaintiffs' work in television commercials.

17. Valley National and Della Femina created, or caused to be created, a television commercial for Valley National in which the Plaintiffs' composition, "Tighten Up," was used as an instrumental backing to the pitch given by Gerald H. Lipkin, Chairman, President and Chief Executive Officer of the bank, who appears in the advertisement.

18. Based upon information and belief, the advertisement aired on various media outlets, including free and cable television channels.

19. The Defendants, all sophisticated commercial entities, knew that the use of the Composition in commercial advertisements required the approval and issuance of a license from the Plaintiffs. These licenses are negotiated at arm's length and significant fees are paid for commercial advertising rights. The Defendants knew that if they used the Composition without first obtaining a license, the use would infringe the Plaintiffs' copyright.

20. Promptly after learning of the commercial, Wixen, on behalf of the Plaintiffs, sent a letter to Valley National demanding that all airings of the commercial stop. Upon information and belief, Valley National immediately shared the letter with Della Femina.

21. Despite the fact that the Defendants received the letter notifying them of the infringing use of the Composition, the Defendants continued to allow the commercial to air, thereby compounding their wrongdoing.

22. The Defendants' conduct evinces a reckless and knowing disregard for the Plaintiffs' copyright interest.

23. There are many factors which are considered when determining whether to grant a license for use of a composition in an advertisement, including: (1) the amount of compensation offered; (2) the likely effect on the market of the proposed use, including whether it will positively or negatively affect future demand for the use of the recording in question; and (3) whether the artist whose recording would be used wants to be associated with the product that the advertisement promotes. The more popular the composition, the more important these considerations become.

24. Because the Composition is a major hit for Plaintiffs, the decision whether to allow its use in any advertisement requires an especially intensive analysis of the considerations outlined above. As a result of their misappropriation, the Defendants wrongfully deprived the Plaintiffs of the right and opportunity to conduct that analysis and to decide whether to allow them to use the Composition in the first place. The Defendants have caused the Plaintiffs to incur substantial injury, loss, and damage as a result of their wrongdoing.

25. Further, as a result of their infringing activity, the Defendants have earned significant income and profits to which they are not entitled.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement Against All Defendants)

26. The Plaintiffs repeat and re-allege each and every allegation contained in Paragraphs 1 - 25 of the Complaint as if fully set forth herein.

27. The Plaintiffs are the exclusive owners of the copyright in the musical composition, "Tighten Up."

28. The Plaintiffs have never authorized the Defendants, or anyone working on their behalf, to use, copy, perform, or exploit the Composition in a commercial or otherwise.

29. Despite the fact that the Defendants do not have any right to use, copy, perform, or exploit the Composition, they have used, copied, performed, and exploited the Composition for profit in the commercial and thus they have infringed Plaintiffs' exclusive right to control the copyright in "Tighten Up."

30. The Defendants were at all material times aware that their use of the Composition, in the absence of a valid license agreement, would constitute copyright infringement.

31. The Defendants' unauthorized acts constitute a knowing, deliberate and willful infringement of the Plaintiffs' exclusive rights in the musical composition, "Tighten Up."

32. By reason of the Defendants' infringement, they have derived significant income and profits and the Plaintiffs have sustained substantial injury, loss, and damage, in an amount to be determined at trial, at the Plaintiffs' election.

33. The Plaintiffs cannot ascertain and calculate their damages unless and until they are provided with an accounting by the Defendants as to their infringing activities and all gains, profits, and advantages that they have earned as a result of such activities. Accordingly, the Plaintiffs are entitled to an accounting from the Defendants.

34. By reason of the foregoing, the Plaintiffs suffered damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Dan Auerbach and Patrick Carney d/b/a McMoore McLesst request the following relief:

1. Judgment that the Defendants have violated the Copyright Act, 17 U.S.C. § 101, *et seq.*;

2. Issuance of a permanent injunction enjoining and restraining the Defendants and their officers, agents, directors, employees, affiliates, franchisees, distributors and subsidiaries, and all persons acting in concert or participation with them, from engaging in further acts in violation of Plaintiffs' copyrights;

3. An order that the Defendants be required to pay to Plaintiffs either (a) all such damages and profits attributable to the infringements of the copyright in the Composition by the Plaintiffs and those acting in concert with them in an amount to be proved at trial; or, in the alternative, (b) statutory damages against each Defendant in the maximum amount permitted under applicable law;

4. An accounting by the Defendants as to all gains and profits earned through their unlawful exploitation of the Composition;

5. An order requiring that all gains, profits and advantages derived by the Defendants by their acts of infringement be deemed held in constructive trust for the benefit of Plaintiffs;

6. An award to Plaintiffs of their costs and attorney's fees to the full extent provided by section 505 of the Copyright Act;

7. For interest at the legal rate on each monetary award; and

8. Such other, further and different relief as to the Court may seem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs, under Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of any issues so triable by right.

Dated: July 15, 2011

          Respectfully submitted,

          MARKOWITZ & CHATTORAJ LLP

          */s/ Alon M. Markowitz*

          Alon M. Markowitz, Esq. – AM 0111
          Chenxi Jiao, Esq. – CJ 5911
          10 E 40th Street, 33rd Floor
          New York, New York 10016
          Tel: (212) 481-1220
          Fax: (212) 481-1221
          amarkowitz@mclawllp.com
          cjiao@mclawllp.com

          &

          KAY, GRIFFIN, ENKEMA & COLBERT, PLLC
          John J. Griffin, Jr., Esq.
          222 Second Ave. North, Suite 340-M
          Nashville, TN 37201
          (615) 742-4800
          *Pro Hac Vice Application To Be Filed*

          *Attorneys for Plaintiffs*